MH

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 2:20-mj-196
)
63 1/2 East Dodridge Street, Columbus, Ohio )
43202 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

63 1/2 East Dodridge Street, Columbus, Ohio 43202 and the curtilage is described as a two story multi family residence with red brick siding on the south side of Dodridge Street. The numbers "63 1/2" are clearly visible on the left side of the front door. The curtilage containing outbuilding and vehicles.

located in the _____ Southern _____ District of _____ Ohio _____, there is now concealed *(identify the person or describe the property to be seized)*:

Property that constitutes evidence of the commission of and/or property designed or intended for use or which is or has been used as a means to commit criminal offenses as described in Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 846 | Possession with the Intent to Distribute Methamphetamine |

The application is based on these facts:

See Attached Affidavit

☒ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

DEA Special Agent Anthony Martin
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3-12-20

*Judge's signature*

City and state: Columbus, Ohio (Franklin Co.)     Chelsey Vascura U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANTS

I, Anthony D. Martin, (hereafter referred to as affiant) being duly sworn depose and state:

I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C.§ 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C.§ 2516. Your affiant has been employed by the DEA since June, 2018. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878.

Prior to being employed by the DEA your affiant was employed by the Ohio State Highway Patrol from September, 2012 until June, 2018. During this time, your affiant has accumulated the following training and experience:

(a) I graduated from the DEA Academy located at the FBI Academy, Quantico, Virginia. I received approximately 16 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques and money laundering investigations.

(b) During the course of my law enforcement career I have had experience in debriefing defendants; interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution, and concealment of records and proceeds of trafficking in controlled substances.

(c) As a DEA agent an Ohio State Trooper, I have participated in the execution of numerous search warrants at the residences and businesses of narcotics traffickers, safe houses, crack houses, and have participated in numerous arrests for drug related offenses. I have drafted numerous search warrants.

(d) As a DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine and other controlled substances as defined in 21 U.S.C.§801.

(f) Through my experience as a law enforcement officer, I am aware that drug traffickers often possess firearms. Drug traffickers possess firearms in order to protect themselves, the

controlled substances that they possess, and the proceeds collected from the sale and distribution of controlled substances.

() During the course of my law enforcement career, I have completed the following training; Ohio State Highway Patrol Training Academy (February 2013), Commercial Motor Vehicle Criminal Interdiction Training (December 2013), DEA's Basic Narcotic Investigator course (September 2016), Motor Vehicle Criminal Interdiction Association/El Paso Intelligence Center training (August 2016, August 2017), Ohio Narcotics Association Regional Coordinating Officers training (October 2016, October 2017), Ohio Narcotics Association Regional Coordinating Officers Basic Drug/Undercover Investigations course (April 2017), Basic Clandestine Lab (September 2017)

The facts and information contained herein are based on my personal knowledge and experience, that of other law enforcement personnel, surveillance operations, and from persons with knowledge regarding relevant facts and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this investigation.

## PROBABLE CAUSE

On March 11, 2020 Honorable Judge Chelsey Vascura authorized a federal arrest warrant for Joshua Kirtley for being in violation of Title 21 USC 846 Conspiracy to possess with intent to distribute over 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

On March 12, 2020 investigators were conducting surveillance on 63 ½ East Dodridge Street, Columbus, Ohio 43202 (**Target Residence**). Investigators observed Kirtley on the back side of the **Target Residence** by a black Infinity. Investigators wearing clearly marked police marking approached Kirtley and placed him under arrest. Kirtley was advised his Miranda Waring and agreed to speak to investigators.

When asked if there were any drugs in the **Target Residence** Kirtley stated that there were a couple of pounds of methamphetamine in a safe. Kirtley further stated that there were additional people inside the **Target Residence**.

Investigators approached the **Target Residence** and knocked on the door. Frank J Lopez answered the door and agreed to speak with investigators. While speaking with Lopez he consented to a search of his person. The consent search resulted in Lopez being in possession of a large amount of US currency and approximately 1 gram of suspected crystal methamphetamine. Lopez further stated there was more crystal methamphetamine in the front room on the coffee table of the **Target Residence**. From the open doorway investigators

observed a large glass pipe in the front room coffee table. When asked if there was anyone in the **Target Residence** Lopez stated he was not sure.

For safety purposes investigators conducted a protective sweep of the **Target Residence** to ensure no one was left in the residence. While conducting the protective sweep investigators observed in plain view two handguns, approximately one pound of a white powder pressed into brick form, approximately one ounce of suspected crystal methamphetamine, and multiple pieces of drug paraphernalia.

Based on my training and experience and the training and experience of other law enforcement officers involved in this investigation, as well as my knowledge of this investigation, I know the following:

(a) That narcotics traffickers very often place assets in names other than their own and/or use fictitious identification to avoid detection of these assets by government agencies or local law enforcement;

(b) That even though these assets are in other persons' names the narcotics traffickers continues to exercise dominion and control;

(c) That it is common for drug traffickers to maintain multiple premises from which their illegal business is conducted. Drug traffickers often store narcotics, narcotics proceeds and records related to the trafficking of narcotics at their residences and/or businesses and the residence and/or businesses of their relatives and co-conspirators;

(d) That narcotics traffickers must maintain, on hand, large amounts of U.S. currency in order to maintain and finance their ongoing narcotics activities, as well as for paying bills, acquiring assets, and making other purchases;

(e) That it is common for narcotics traffickers to maintain books, records, receipts, notes, ledgers, airline tickets, bus tickets, rental car receipts, receipts relating to the purchase of financial instruments and/or the transfer of funds, and other papers relating to the transportation, ordering, purchasing, processing, storage, sale and distribution of drugs, and the collection of its proceeds. That the aforementioned books, records, receipts, notes, ledgers, etc, are maintained where the narcotics traffickers have ready access to them;

(f) That it is common for narcotics traffickers to secrete contraband, proceeds of drug sales, records of drug transactions, large amounts of currency, financial instruments, precious metals, jewelry, and other items of value; and evidence of financial transactions relating to obtaining, transferring, secreting, and spending large sums of money made from engaging in narcotics trafficking activities in secure locations within their residences and/or other locations which they maintain dominion and control over in order that they have ready access to them;

(g) That it is common for persons involved in narcotics trafficking to maintain evidence pertaining to their obtaining, secreting, transfer, concealment, and/or expenditure of narcotic proceeds, such as: currency, financial instruments, precious metals and gem stones, jewelry, books, records, invoices, receipts, records of real estate transactions, bank statements and related records, passbooks, money drafts, letters of credit, loan records, money orders, bank drafts, cashier checks, bank checks, wire transfers, safe deposit box keys and money wrappers. These items are maintained by the narcotics traffickers within their residences and/or other locations which they maintain dominion and control:

(h) That when drug traffickers amass a large amount of proceeds from the sale of drugs, the drug traffickers attempt to legitimize these profits;

(i) That to accomplish these goals, narcotics traffickers utilize, including, but not limited to, foreign and domestic banks and their attendant services, money transmitter agents, check cashing services, real estate agents, securities brokers, accountants, attorneys, business fronts, and otherwise legitimate businesses which generate large quantities of currency;

(j) That narcotics traffickers often utilize electronic equipment such as currency counting machines, telephone answering machines, telephone caller identification boxes, and pagers (digital display beepers) in their drug activities;

(k) That drug traffickers often take or cause to be taken photographs/video tapes of themselves, their associates, their

property, and their products. These traffickers usually maintain these photographs/video tapes in their residences and/or other locations in which they maintain dominion or control;

(l) That the sale of narcotics generates large quantities of United States currency in small denominations (aka, street money);

(m) That it is common for drug dealers to separate their "street money" by denomination and put this currency in rubber banded stacks in varying $1,000 increments to facilitate quick counting;

(n) That narcotics traffickers commonly maintain addresses or telephone numbers in books or papers, which reflect names, addresses, and/or telephone numbers of their suppliers, customers, and other associates involved in their narcotics trafficking organization;

(o) That drug traffickers commonly have in their possession that is on their person, at their residences and/or other locations which they maintain dominion and control, firearms, including but not limited to: handguns, pistols, revolvers, rifles, shotguns, machine guns, and other weapons. Said firearms are used to protect and secure a drug trafficker's property. Such property may include, but is not limited to: narcotics, jewelry, narcotics paraphernalia, books, records, and U.S. currency;

(p) That drug traffickers commonly use in the possession, dilution, or distribution of said narcotic drugs and non-narcotic controlled substances, including but not limited to adulterants, diluents, packaging, plastic bags, manila envelopes, strainers, measuring spoons, scales, grinders, weights, etc.; and

(q) That the courts have recognized unexplained wealth is probative evidence of crimes motivated by greed, in particular, trafficking in narcotics.

Your affiant believes, based on the facts contained in this affidavit, that there is probable cause to believe that 63 ½ East Dodridge Street, Columbus, Ohio 43202 is a location used by this drug trafficking organization where records, financial documents, U.S. currency, address books and other items detailed in attachment A

are maintained. Your affiant hereby requests the issuance of a Federal search warrant for 63 ½ East Dodridge Street, Columbus, Ohio 43202.

Anthony Martin
Special Agent
Drug Enforcement Administration

Subscribed and Sworn before me
This 12 day of November, 2019, in Columbus, Ohio
March 2020 cmv

Honorable Chelsey Vascura
U.S. Magistrate Judge
Southern District of Ohio

## Attachment A

1. Log Books, records, payment receipts, notes, and/or customer lists, ledgers, and other papers relating to the transportation, ordering, purchasing, processing, storage, and distribution of controlled substances, in particular cocaine; all records of income and expenses.

2. Papers, tickets, notices, credit card receipts travel schedules, travel receipts, passports, and/or records and other items relating to travel to obtain and distribute narcotics and narcotic proceeds.

3. Books, records, invoices, receipts, records of real estate transactions, financial statements, bank statements, cancelled checks, deposit tickets, passbooks, money drafts, withdrawal slips, certificates of deposit, letters of credit, loan and mortgage records, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, money wrappers, wire transfer applications and/or receipts, fictitious identification, and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money.

4. Electronic equipment such as currency counting machines, pagers (alphanumeric display beepers), telephone answering machines, telephone caller identification boxes, videocassette and audiocassette tapes, and any stored electronic communications contained therein.

5. Cellular telephones(s) and any stored electronic communication stored therein.

6. United States currency, precious metals, jewelry, gold coins, and financial instruments including, but not limited to stocks and bonds.

7. Photographs, negatives, videotapes, slides, films, undeveloped film and the contents therein, in particular, photographs of co-conspirators, assets, and/or narcotics.

8. Address and/or telephone books, rolodex indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, and/or fax numbers of co-conspirators, sources of supply, storage facilities, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists.

9. Indicia of occupancy, residency, rental and/or ownership of the premises described in above or vehicles located thereon, including but not limited to utility and telephone bills, cancelled envelopes, keys, deeds, purchase and/or lease agreements, land contracts, titles, and vehicle registrations.

10. Firearms and ammunition, including but not limited to handguns, pistols, rifles, shotguns, full-automatic weapons, and other weapons and any records or receipts pertaining to said firearms and ammunition.

11. To listen, read, review, develop, print, and convert all electronic media into human readable and viewable form and to make copies or recordings of the data in order to protect and preserve the information.

12. The opening and search and removal, if necessary, of any safe or locked receptacle or compartment, as all or some of the property heretofore may be maintained inside.

13. Scales, electronic scales, paraphernalia, packaging materials, and any other items used for the preparation of controlled substances for sale or re-sale or utilized to store or ingest controlled substances.

14. Schedule I and/or II controlled substances, to wit: Cocaine, Crack Cocaine, Heroin, Marijuana, Methamphetamine, Fentanyl, or any derivative thereof and/or other evidence of illicit drug trafficking unknown at this time.